UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
CHAMMA K. BRANDON,

                Plaintiff,

v.

MARK ROYCE, Deputy Superintendent of
Security,

                Defendant.
--------------------------------------------------------------x

**MEMORANDUM**
**OPINION AND ORDER**

16 CV 5552 (VB)

Briccetti, J.:

      Plaintiff Chamma K. Brandon commenced this action pro se pursuant to 42 U.S.C. § 1983, alleging defendant Mark Royce violated his Eighth Amendment right to be free from cruel and unusual punishment while he was incarcerated at Sing Sing Correctional Facility ("Sing Sing"), because he was exposed to bright lighting in his cell twenty-four hours a day, seven days a week, from December 2015 to February 2019.

      On September 15, 2021, after a six-day trial, during which plaintiff was ably represented by pro bono counsel, the jury returned a verdict in defendant's favor. On September 16, 2021, the Court entered judgment dismissing the complaint. (Doc. #176). Thereafter, the Court granted plaintiff's counsel's motion to withdraw. (Doc. #184).

      Now pending is plaintiff's renewed motion for judgment as a matter of law ("JMOL") pursuant to Rule 50(b) or, in the alternative, for a new trial pursuant to Rule 59(a)(1)(A). (Doc. #180).

      For the following reasons, the motion is DENIED.

      The Court has subject matter jurisdiction under 28 U.S.C. § 1331.

1

## DISCUSSION

I.      Renewed Motion for JMOL

Plaintiff argues that "[g]iven the undisputed severity of the conditions Brandon faced while incarcerated" (Doc. #181 ("Pl. Br.") at 2), the Court, prior to the jury being charged, should have granted JMOL on the objective prong of the Eighth Amendment deliberate indifference claim, and that the Court's failure to grant plaintiff's Rule 50(a) motion on that issue was error.  Plaintiff contends the jury should have been charged with determining only whether defendant acted with deliberate indifference to plaintiff's health and safety, that is whether the mens rea prong of the Eighth Amendment claim was established, and whether defendant's acts were the proximate cause of plaintiff's "undisputed injuries."  (Id. at 3).

Plaintiff is incorrect.

A.      JMOL Standard

A court may grant a Rule 50(a) motion if "a party has been fully heard on an issue . . . and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue."

On a motion for JMOL under Rule 50(b),

> a court may set aside the verdict only if there exists such a complete absence of evidence supporting the verdict that the jury's findings could only have been the result of sheer surmise and conjecture, or the evidence in favor of the movant is so overwhelming that reasonable and fair minded persons could not arrive at a verdict against it.

Cash v. County of Erie, 654 F.3d 324, 333 (2d Cir. 2011).[1]

In reviewing a Rule 50(b) motion, the court "'must draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the

---

[1]     Unless otherwise indicated, case quotations omit all internal citations, quotations, footnotes, and alterations.

2

evidence.'" Cross v. N.Y.C. Transit Auth., 417 F.3d 241, 247 (2d Cir. 2005) (quoting Reeves v. Sanderson Plumbing Prods. Inc., 530 U.S. 133, 150 (2000)).  "The court cannot assess the weight of conflicting evidence, pass on the credibility of witnesses, or substitute its judgment for that of the jury." Wiercinski v. Mangia 57, Inc., 787 F.3d 106, 113 (2d Cir. 2015).  For these reasons, the movant's burden in securing relief is "particularly heavy after the jury has deliberated in the case and actually returned its verdict."  Cross v. N.Y.C. Transit Auth., 417 F.3d at 248.

"Because the Rule 50(b) motion is only a renewal of the preverdict motion, it can be granted only on grounds advanced in the preverdict motion." Lore v. City of Syracuse, 670 F.3d 127, 153 (2d Cir. 2012) (quoting Fed. R. Civ. P. 50 Advisory Committee Note (2006)).  "As to any issue on which proper Rule 50 motions were not made, JMOL may not properly be granted . . . unless that action is required to prevent manifest injustice."  Id.

      B.      Eighth Amendment Deliberate Indifference Standard

To establish a violation of Eighth Amendment rights, an inmate must satisfy an objective prong and a mens rea prong.  Namely, an inmate must show (i) "a deprivation that is objectively, sufficiently serious that he was denied the minimal civilized measure of life's necessities," and (ii) "a sufficiently culpable state of mind on the part of the defendant official, such as deliberate indifference to inmate health or safety." Gaston v. Coughlin, 249 F.3d 156, 164 (2d Cir. 2001).

To satisfy the objective element, "the inmate must show that the conditions, either alone or in combination, pose an unreasonable risk of serious damage to his health." Walker v. Schult, 717 F.3d 119, 125 (2d Cir. 2013).  "Thus, prison officials violate the Constitution when they deprive an inmate of his basic human needs such as food, clothing, medical care, and safe and sanitary living conditions."  Id.  "While the Eighth Amendment's prohibition against cruel and unusual punishment does not mandate comfortable prisons, the conditions of confinement must

be at least humane." Gaston v. Coughlin, 249 F.3d at 164. "[S]leep is critical to human existence, and conditions that prevent sleep have been held to violate the Eighth Amendment." Walker v. Schult, 717 F.3d at 126. Therefore, "[r]equiring inmates to live in constant illumination can[,] under certain circumstances, rise to the level of an Eighth Amendment violation." Collins v. Fischer, 2018 WL 1626528, at *6 (S.D.N.Y. Mar. 30, 2018) (quoting Holmes v. Fischer, 2016 WL 552962, at *17 (W.D.N.Y. Feb. 10, 2016)).[2]

    C.    Application

First, the Court did not err in denying plaintiff's Rule 50(a) motion at the close of defendant's case because the jury had "a legally sufficient evidentiary basis to find for" either party on the issue of the objective prong of the Eighth Amendment claim. Fed. R. Civ. P. 50(a). The Court so explained when it denied defendant's Rule 50(a) motion at the close of plaintiff's case (Doc. #182 ("Tr.") 415–417; id. 416 ("there's conflicting evidence about just about everything in this case")), and when it denied plaintiff's Rule 50(a) motion at the close of defendant's case (id. 501–502).

Indeed, plaintiff's testimony regarding the severe impact the constant illumination had on his health and ability to sleep—including that it prevented him from sleeping more than three to four hours a night and had a negative impact on his studies (Tr. 155–159)—was contradicted by his medical records (Tr. Ex. E-1) and the testimony of Dr. Tasbirul Alam, one of plaintiff's treating physicians at Sing Sing (Tr. 298–313). The records showed that after December 2015, plaintiff did not complain to medical staff that he was unable to sleep as a result of the lights

---

[2]    Plaintiff will be provided copies of all unpublished opinions cited in this decision. See Lebron v. Sanders, 557 F.3d 76, 79 (2d Cir. 2009).

shining into his cell.³ Moreover, plaintiff himself testified that from February 2016 to December 2018—during which time the lights shone into his cell twenty-four hours a day, seven days a week—he was completing a bachelors degree, which he ultimately received summa cum laude (Tr. 118–119), giving rise to an inference that the constant illumination did not "pose an unreasonable risk of serious damage to his health." Walker v. Schult, 717 F.3d at 125.  In other words, plaintiff's contention that "there was a complete ABSENCE of evidence contravening that the conditions of Brandon's confinement resulted in the denial of the minimal measure of Brandon's life necessities" (Doc. #187 ("Pl. Reply") at 4), is simply not correct.

Second, for this same reason—that there was credible evidence from which the jury could have found for either plaintiff or defendant—the Rule 50(b) motion must be denied.

Finally, although plaintiff states in his reply that "this Rule 50(b) motion is not an objection to a jury instruction" (Pl. Reply at 3), his briefs in support of the motion can be construed to object to the Court's charging the jury on the objective prong of the Eighth Amendment claim.  However, a Rule 50(b) motion on the ground that the jury should not have been charged on the objective prong fails because plaintiff never raised this objection before the case was submitted to the jury.  "Failure to object to a jury instruction . . . prior to the jury retiring results in a waiver of that objection." Lavoie v. Pac. Press & Shear Co., 975 F.2d 48, 55 (2d Cir. 1992) (citing Fed. R. Civ. P. 51).  Nor has plaintiff established a Rule 50(b) motion on this ground must be granted to prevent manifest injustice.  See Lore v. City of Syracuse, 670 F.3d at 153.  Accordingly, insofar as the Rule 50(b) motion is based on plaintiff's objection to the jury charge, the motion must be denied.

---

³ Although Dr. Alam testified a nurse's notes stated plaintiff had difficulty sleeping, the notes attributed such difficulty to medication, not lights shining into plaintiff's cell. (Tr. 308–309).

II. <u>Motion for a New Trial</u>

Plaintiff argues he is entitled to a new trial because, as with his argument underlying the Rule 50(b) motion, there was a complete lack of evidence demonstrating the conditions of his confinement were not objectively substantially serious, meaning the jury should not have been charged with deciding the issue of whether the objective prong of the Eighth Amendment claim had been established.

The Court disagrees.

A. <u>Legal Standard</u>

A "court may, on motion, grant a new trial on all or some of the issues . . . after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court." Fed. R. Civ. P. 59(a)(1)(A).

Whether to grant a new trial pursuant to Rule 59 is in the district court's sound discretion. <u>Sequa Corp. v. GBJ Corp.</u>, 156 F.3d 136, 143 (2d Cir. 1998). "[F]or a district court to order a new trial under Rule 59(a), it must conclude that the jury has reached a seriously erroneous result or the verdict is a miscarriage of justice, i.e., it must view the jury's verdict as against the weight of the evidence." <u>Manley v. AmBase Corp.</u>, 337 F.3d 237, 245 (2d Cir. 2003). In other words, "[a] court considering a Rule 59 motion for a new trial . . . should only grant such a motion when the jury's verdict is egregious." <u>DLC Mgmt. Corp. v. Town of Hyde Park</u>, 163 F.3d 124, 134 (2d Cir. 1998).

In considering whether a jury's verdict is against the weight of the evidence such that a new trial is warranted, the district judge is "free to weigh the evidence and assess the credibility of the witnesses and need not view the evidence in the light most favorable to the verdict winner." <u>Scherer v. Kane</u>, 284 F. App'x 850, 854 (2d Cir. 2008) (summary order). Indeed,

"[t]he court must consider [any purported] error in light of the entire record when evaluating whether a new trial is warranted." Ojeda v. Metro. Transp. Auth., 477 F. Supp. 3d 65, 77 (S.D.N.Y. 2020).

B.     Application

As discussed above, there was a legally sufficient evidentiary basis from which a reasonable jury could have found either for plaintiff or for defendant on the objective prong of the Eighth Amendment claim.  Therefore, the jury did not reach an erroneous result in light of the trial evidence, or a verdict that signifies a miscarriage of justice.  Indeed, just as plaintiff testified that the constant illumination into his cell had serious medical effects on him, including on his ability to sleep, plaintiff's medical records and Dr. Alam's testimony provided evidence to the contrary.  Presentation of such conflicting evidence goes to show that the objective prong of the Eighth Amendment claim was not, as plaintiff now argues, undisputed.

Moreover, to render a plaintiff's verdict, the jury also would have had to conclude both that defendant acted with a sufficient mens rea and defendant's acts proximately caused plaintiff's injuries.  If the jury concluded plaintiff did not prove by a preponderance of the evidence any of these three prongs of the deliberate indifference claim—the objective prong, the mens rea prong, or the causal connection—it could have found for defendant.  Given the conflicting evidence presented at trial on each of these issues, the jury concluded credible record evidence supported a defense verdict.

Thus, the Court cannot conclude the jury reached a seriously erroneous result or the verdict is a miscarriage of justice, and the Rule 59 motion must be denied.

## CONCLUSION

Plaintiff's renewed motion for judgment as a matter of law pursuant to Rule 50(b) or, in the alternative, for a new trial pursuant to Rule 59, is DENIED.

The Clerk is instructed to terminate the motion.  (Doc. #180).

Dated: February 22, 2022
      White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge